UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HOWARD L. HENDERSON,

                                            Plaintiff,

    -against-

THE CITY OF NEW YORK; POLICE DEPARTMENT CITY OF NEW YORK; RAYMOND W. KELLY, Police Commissioner; NELDRA M. ZEIGLER, Deputy Commissioner Office of Equal Employment Opportunity; CHARLES V. CAMPISI, Chief of the Internal Affairs Bureau; RAYMOND F. KING, Deputy Chief, Internal Affairs Bureau; JAMES DUFFY, Deputy Inspector, Field Services Division; GEORGE D. O'BRIEN, Captain, Internal Affairs Bureau Group 27; JULIO C. ORDONEZ JR., Captain, Internal Affairs Bureau Group 27; BRESTER CREECH, Lieutenant, Internal Affairs Bureau Group 27; RICHARD M. LEDDA, Lieutenant, Internal Affairs Bureau Group 27; LES CATALANO, Sergeant, Internal Affairs Bureau Group 27; JOHN A. EGAN, Retired Sergeant, Southeast Queens Initiative, each defendant being sued in their individual and official capacity.

                                            Defendants.

------------------------------------------------------------------X

CV 05 2588

COMPLAINT AND JURY DEMAND

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 27 2005 ★
BROOKLYN OFFICE

BLOCK, J.

POLLAK, M.J.

      The plaintiff, HOWARD L. HENDERSON, by his attorneys, Jeffrey L. Goldberg, P.C., as and for his complaint against defendants, THE CITY OF NEW YORK; POLICE DEPARTMENT CITY OF NEW YORK; RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, respectfully set forth and allege that:

1

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of HOWARD L. HENDERSON, (hereinafter referred to as the "plaintiff") who was, and who is prospectively deprived of his Constitutional and Statutory rights as a result of the defendants' policies and practices of differentiating between the race, color and national origin of police officers in the terms and conditions of their employment. Said policy was implemented under color of law.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

(a) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, providing for injunctive and other relief against discrimination in employment on the basis of race, color, religion, sex and national origin;

(b) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a), making it unlawful to retaliate against an employee, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter;

(c) the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution providing for the rights of all persons within the jurisdiction of the United States to enjoy freedom of speech, movement, association and assembly, to petition their governments for redress of their grievances, to be secure in their persons, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law, the Civil Rights of 1866, 42 U.S.C. § 1981, and the Civil Rights Act of

1871, 42 U.S.C. §§ 1983, 1985 (3), and 1986, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

3. The unlawful employment practices, violations of plaintiffs' civil rights and tortuous acts complained of herein were committed within the Eastern District of New York.

4. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; New York City Administrative Code §§ 8-107 and 8-502; and the common law of the State of New York providing for damages to persons subjected to the intentional infliction of emotional distress or to intentional interference with employment contracts., pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding.

## PLAINTIFF

5. Plaintiff is a male citizen of the United States of America and is over twenty-one (21) years of age, a resident of the county of Queens and the State of New York and is a current employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY"). More specifically defendant POLICE DEPARTMENT CITY OF NEW YORK (hereinafter referred to as the "NYPD").

## DEFENDANTS

6. Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York including the Quartermaster Section, in the county of Queens,

3

State of New York, at which police facility the plaintiff is assigned.

7. Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000e (a) and (b), as amended in 1972, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8. RAYMOND W. KELLY, as Police Commissioner; NELDRA M. ZEIGLER, as Deputy Commissioner Office of Equal Employment Opportunity; CHARLES V. CAMPISI, as Chief of the Internal Affairs Bureau; RAYMOND F. KING, as Deputy Chief, Internal Affairs Bureau; JAMES DUFFY, as Deputy Inspector, Field Services Division; GEORGE D. O'BRIEN, as Captain, Internal Affairs Bureau Group 27; JULIO C. ORDONEZ JR., as Captain, Internal Affairs Bureau Group 27; BRESTER CREECH, as Lieutenant, Internal Affairs Bureau Group 27; RICHARD M. LEDDA, as Lieutenant, Internal Affairs Bureau Group 27; LES CATALANO, as Sergeant, Internal Affairs Bureau Group 27; and JOHN A. EGAN, as Retired Sergeant, Southeast Queens Initiative.

## **PROCEDURAL REQUIREMENTS**

9. On or about January 31, 2005, plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") alleging employment discrimination and retaliation by members of the NYPD.

10. On or about February 14, 2005, the EEOC sent a letter to plaintiff acknowledging receipt of his Charge of Discrimination.

11. On or about March 2, 2005, plaintiff received his "Notice of Right to Sue" letter from the EEOC.

12. Plaintiff complied therewith by filing suit with this Court within the limitations period.

13. Plaintiff is not required to exhaust any administrative procedures prior to suit under the United States Constitution, the Civil Rights Act of 1866, or the Civil Rights Act of 1871.

## BACKGROUND

14. On or about November 15, 2000, defendant JOHN A. EGAN called the Internal Affairs Bureau (hereinafter referred to as "IAB") Action Desk and reported to Detective Grainer that based on information received from Detective James MacDonald, Southeast Queens Initiative (hereinafter referred to as "SEQI") over a wiretap he was monitoring, that plaintiff was associating with drug dealers. In particular, plaintiff provided confidential information to a known narcotic dealer (Antonio "Frank" Benjamin—the alleged kingpin of the Third World Crew) during the arrest of Joye Barber and that plaintiff was associating with an organized Jamaican drug gang that calls itself the "Third World Crew." Defendant JAMES DUFFY ordered IAB Group 27 to respond to the 113th Precinct under Callout No.: 00-2205, to interview defendant JOHN A. EGAN. After conferral with defendant RAYMOND F. KING, defendant JAMES DUFFY recommended that this case to be classified as a "C" case, Case No.: 00-01083, Log No.: 00-22367. Upon information and belief, a "C" designation means that the case will be investigated as a criminal matter.

15. On or about Early 2004, based on the defendants' continuing course of illegal, unauthorized and discriminatory conduct that occurred from November 15, 2000 until the end of December 31, 2003, in the manner plaintiff's case was investigated by defendants', plaintiff filed a claim pursuant to the Latino Officers Association/NYPD Settlement, Claim No.: 762. Therefore, plaintiff incorporates by reference the facts and circumstances filed under Claim No.: 762. After plaintiff filed the initial claims and received the investigative file, plaintiff discovered defendants' improperly and illegally broadening the scope, purpose and powers of NYC Code § 14-137. In that, defendants improperly and illegally used the administrative subpoena to conduct a criminal

5

investigation of his family.

16. On or about January 10, 2005, plaintiff complained to defendant NELDRA M. ZEIGLER about the continuing course and pattern of discriminatory conduct against him. In particular, the Department Advocate's Office, in an attempt to save their four (4) year criminal investigation of plaintiff and sustain their Departmental Charges, after they determined plaintiff was not involved in any criminal activity, failed to notify plaintiff that Former Detective Winston White, SEQI was arrested and convicted for Conspiring to Distribute Marijuana in Excess of One Thousand (2000) Kilograms from Texas to New York. The Department refused to dismiss the charges against plaintiff. Former Detective White's link to plaintiff's case is particularly important because it is plaintiff's position that he was leaking information to the "Third World Crew." Former Detective White is currently serving a twelve (12) year sentence in federal prison.

17. On or about March 2, 2005, plaintiff was forced to stand in judgment before a Department Trial where the defendants' witnesses were in direct conflict with each other, wild assertions were made, evidence not reviewed etc. During the testimony, defendant LES CATALANO even conceded on the record that it would be unfair to sustain charges against plaintiff since he could not establish Antonio "Frank" Benjamin did in fact have an arrest record. To this date, the Department has not rendered its findings. Upon information and belief, it is plaintiff's position that, the Department expended great financial and personnel resources because he is African-American and they believed based on racial animus that he was involved with a drug gang despite the facts in their own investigation which noted no connection whatsoever. The only connection that was established was between Former Detective White and the "Third World Crew."

18. On or about February 17, 2005, defendant NELDRA M. ZEIGLER closed plaintiff's OEEO case pursuant to Patrol Guide Section: 205-36. In sum and substance, Patrol Guide Section:

205-36, improperly allows the OEEO to acquiesce matters of discrimination to the Trial Commissioner who has no vested interest in adjudicating such matters. It is through this flawed procedure plaintiff sustained even more harm. It is plaintiff's position that, if the OEEO performed its function, the plaintiff would have been exonerated and the appropriate parties disciplined.

19. On or about May 6, 2005, defendant NYPD objected to plaintiff's claims that were filed under the terms of the Latino Officers Association/NYPD Settlement. Upon information and belief, defendant NYPD through its agents are retaliating against plaintiff for exposing the misconduct that occurred during the IAB investigation against him.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e-2

20. Plaintiff re-alleges paragraphs 1 through 19 and incorporates them by reference as paragraphs 1 through 19 of Count I of this Complaint.

21. Plaintiff allege that defendant NYPD engaged in patterns and practices of discrimination against him with respect to the terms, conditions and privileges of employment because of plaintiff's race, color and national origin, in violation of 42 U.S.C. § 2000e-2.

22. As part of its pattern and practice of employment discrimination, defendant NYPD, through its' agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN,

   (a) Subjected plaintiff to repeated discriminatory situations involving race, color and national origin.

23. These unwanted and unwelcome discriminatory attacks by RAYMOND W.

7

KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN were directed primarily at the plaintiff, other minority police officers and his family.

24. Rejection of these discriminatory attacks by RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN by plaintiff, was used as the basis for some employment decisions affecting plaintiff's employment opportunities such as salary, grade, appointments, promotions, job evaluations, and other terms and conditions of employment.

25. These discriminatory attacks by RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN had the effect of substantially interfering with plaintiff's work performance by creating a hostile, intimidating and dangerous work environment.

26. Defendant NYPD knew or should have known about RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN'S race, color and national origin discrimination in the workplace because at least one prior complaint alleging such conduct had been filed with IAB, EEO and the Office of the Special Master.

27. Defendant NYPD failed and refused to take appropriate corrective action to end the hostile, intimidating and discriminatory conditions experienced by the plaintiff, or to prevent

retaliation against plaintiff when plaintiff specifically notified the IAB and EEO of the intolerable conditions of race, color and national origin discrimination. Such units promised confidentiality pending an in-house review of the allegations, but breached the promises as soon as they were uttered, in a clear demonstration of bad faith.

## COUNT II
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e-3

28. Plaintiff re-alleges paragraphs 1 through 27 and incorporates them by reference as paragraphs 1 through 27 of Count II of this Complaint.

29. Plaintiff allege that defendant NYPD, through its agents RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, engaged in various retaliatory actions against him as a result of his opposition to race, color and national origin discrimination and as a result of him filing complaints of employment discrimination with IAB, EEO and the Office of the Special Master, in violation of 42 U.S.C. § 2000e-3(a).

30. That as a result of the illegal acts of the defendant NYPD and its' agents, plaintiff suffered depression, anxiety and loss of job opportunities.

## COUNT III
### RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 AND THE FIRST, FOURTH, FIFTH, NINTH, AND FOURTEENTH AMENDMENDS TO THE UNITED STATES CONSTITUTION

31. Plaintiff re-alleges paragraphs 1 through 30 and incorporates them by reference as paragraphs 1 through 30 of Count III of this Complaint.

32. That by the aforesaid discriminatory acts and omissions of defendants

9

RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD interfered with plaintiff's right to enforce contracts under the color of State Law.

33. That the purpose of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law; all in violation of the first, fourth, fifth, ninth, thirteenth, and fourteenth amendments to the United States Constitution.

34. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

35. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT IV
## RETALIATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981 AND THE FIRST, FOURTH, FIFTH, NINTH, AND FOURTEENTH AMENDMENDS TO THE UNITED STATES CONSTITUTION

36. Plaintiff re-alleges paragraphs 1 through 35 and incorporates them by reference as paragraphs 1 through 35 of Count IV of this Complaint.

37. That by the aforesaid discriminatory acts and omissions of defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, acting individually and acting in their capacities as supervisory and/or administrative officials of defendant NYPD interfered with plaintiff's right to enforce contracts under the color of State Law.

38. That the purpose of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, in so acting was to prevent plaintiff, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, and deprivation of life, liberty, and property without due process of law; all in violation of the first, fourth, fifth, ninth, and fourteenth amendments to the United States Constitution.

39. Pursuant to their conduct, the defendants acted to deprive the plaintiff of his civil

rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

40. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT V
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983 CONSPIRACY

41. Plaintiff re-alleges paragraphs 1 through 40 and incorporates them by reference as paragraphs 1 through 40 of Count V of this Complaint.

42. Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, under color of law, conspired with one another to deprive plaintiff of his constitutional rights, including the rights: to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law.

43. Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, acting individually and in their official capacities as supervisory and/or administrative officers of the NYPD, under color of state law, and having fully advised in or about Early 2004, to the present, that plaintiff and other minority officers were being deprived of their constitutional rights, either acted in a concerted, malicious intentional pattern to retaliate against

plaintiff, or knowing such retaliation was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of his rights to enjoy freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law; all in violation of the Constitution and laws of the United States and of 42 U.S.C. § 1983.

44. The defendants, RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, in acting to deprive plaintiff of his rights, went far beyond actions reasonably necessary for the discharge of their duties and within the scope of their employment, and instead misused their official powers and acted from a willful and malicious intent to deprive plaintiff of his civil rights and cause him grievous thereby.

45. Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; and CHARLES V. CAMPISI, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights, in ratifying and condoning the oppressive acts of RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, in depriving plaintiff's rights.

46. Defendants acted in an outrageous and systematic pattern of harassment, oppression, intimidation, bad faith, employment discrimination, cover-up and retaliation directed at plaintiff and continuing from in or about November 15, 2000, to the present time.

47. As a result of the acts of the defendants under color of law, plaintiff suffered

emotional distress, humiliation and embarrassment, loss of employment opportunities, employment income, employment benefits, pension rights, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT VI
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1985(3) AND THE FIRST, FOURTH, FIFTH, NINTH, THIRTEENTH AND FOURTEENTH AMENDMENDS TO THE UNITED STATES CONSTITUTION

48. Plaintiff re-alleges paragraphs 1 through 47 and incorporates them by reference as paragraphs 1 through 47 of Count VI of this Complaint.

49. That by the aforesaid discriminatory and retaliatory acts and omissions of the defendants, acting individually and acting in their capacities as supervisory and administrative officials of the NYPD, conspired, planned, agreed and intended to harass, intimidate and cause economic and psychological injury to plaintiff.

50. That the purpose of the defendants in so acting was to prevent plaintiff, through economic and psychological violence and intimidation, from seeking the equal protection of the laws, and form enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, movement, association and assembly, to petition his government for redress of his grievances, to be secure in his person, to be free from unreasonable searches and seizures, to enjoy privacy, to be free from slavery and deprivation of life, liberty, and property without due process of law; all in violation of the first, fourth, fifth, ninth, thirteenth and fourteenth amendments to the United States Constitution.

51. Pursuant to their conspiracy, the defendants acted to deprive the plaintiff of his civil rights, by repeated and insidious acts of harassment, retaliation, intimidation, bad faith and threats, all in violation of 42 U.S.C. § 1985 (3).

14

52. As a result of the aforesaid acts, depriving plaintiff of his civil rights, plaintiff suffered mental anguish, emotional distress, physical illness, loss of employment opportunities, and other monetary damages, in addition to deprivation of his civil rights.

## COUNT VII
## RACE, COLOR, AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTVIE LAW § 296

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporates them by reference as paragraphs 1 through 52 of Count VII of this Complaint.

54. The New York State Executive Law § 296 et seq., (Human Rights Law"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin. The Human Rights Law also makes it unlawful to create an atmosphere where it is abusive and hostile, such that the conditions of employment are altered. The same legal standards that apply to Title VII claims apply to claims brought under the Human Rights Law.

## COUNT VIII
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

55. Plaintiff re-alleges paragraphs 1 through 54 and incorporates them by reference as paragraphs 1 through 54 of Count VIII of this Complaint.

56. The New York State Executive Law § 296 et seq., (Human Rights Law"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin. The Human Rights Law also makes it unlawful to create an atmosphere where it is abusive and hostile, such that the conditions of employment are altered. The same legal standards that apply to Title VII claims apply to claims

brought under the Human Rights Law.

## COUNT IX
## RACE, COLOR AND NATIONAL ORIGIN DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE §§ 8-107 and 8-502

57. Plaintiff re-alleges paragraphs 1 through 56 and incorporates them by reference as paragraphs 1 through 56 of Count IX of this Complaint.

58. The New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin. The law also makes it unlawful to create an atmosphere where it is abusive and hostile, such that the conditions of employment are altered. The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code §§ 8-107 and 8-502.

## COUNT X
## RETALIATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE §§ 8-107 and 8-502

59. Plaintiff re-alleges paragraphs 1 through 58 and incorporates them by reference as paragraphs 1 through 58 of Count X of this Complaint.

60. The New York City Administrative Code §8-107, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of sex, color or national origin. The law also makes it unlawful to create an atmosphere where it is abusive and hostile, such that the conditions of employment are altered. The same legal standards that apply to Title VII claims apply to claims brought under New York City Administrative Code §§ 8-107 and 8-502.

## COUNT XI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND INTENTIONAL INTERFERENCE WITH EMPLOYMENT CONTRACT UNDER NEW YORK STATE COMMON LAW

61. Plaintiff re-alleges paragraphs 1 through 60 and incorporates them by reference as paragraphs 1 through 60 of Count XI of this Compliant.

62. Defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, intentionally inflicted the aforesaid acts of race, color and national origin discrimination on plaintiff, with malice, and without legal, economic, business or social justification or excuse, and did so for the sole purpose of causing him emotional distress and anguish.

63. As a result of the aforesaid intentional acts of defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, the plaintiff has been irreparably damaged.

64. That because of the willful and malicious acts of the defendants RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, in gross disregard of the civil rights and well-being of the plaintiff, plaintiff is entitled to punitive and exemplary damages.

## JURY TRIAL

65. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**Wherefore,** Plaintiff respectfully requests that this Court find in her favor and against the

Defendants as follows:

    a.    Declare that the acts and conduct of defendants CITY; NYPD; RAYMOND W. KELLY; NELDRA M. ZEIGLER; CHARLES V. CAMPISI; RAYMOND F. KING; JAMES DUFFY; GEORGE D. O'BRIEN; JULIO C. ORDONEZ JR.; BRESTER CREECH; RICHARD M. LEDDA; LES CATALANO; and JOHN A. EGAN, violated Title VII of the Civil Rights Acts of 1964; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985 (3), 1986; the first, fourth, fifth, ninth, thirteenth, and fourteenth amendments to the United States Constitution; New York Executive Law § 296; New York City Administrative Code §§ 8-107 and 8-502; and Intentional Infliction of Emotional Distress and Intentional Interference with Employment Contract Under New York State Common Law;

    b.    Award plaintiff damages for the injuries he sustained as a consequence of participating in the investigation and proceedings of the aforementioned allegations that violated his civil rights;

    c.    Award plaintiff damages for the full value of all compensation and benefits lost past and future, as a result of the defendants' unlawful conduct;

    d.    Award plaintiff compensatory damages consistent with the aforementioned statues;

    e.    Award plaintiff punitive damages consistent with the aforementioned statutes;

    f.    Award plaintiff appropriate compensatory and punitive damages on his individual torts;

    g.    Award plaintiff prejudgment interest;

    h.    Award plaintiff reasonable attorneys' fees consistent with the aforementioned statues; and

  i.  Award plaintiff such other relief as this Court deems proper.

Dated:  Lake Success, New York
    May 27, 2005

                  Respectfully submitted,

                  By: *[signature]*
                    Eric Sanders (ES0224)

                  Jeffrey L. Goldberg, P.C.
                  Attorneys for Plaintiff
                  2001 Marcus Avenue, Suite S10
                  Lake Success, NY 11042
                  516-775-9400