UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HOWARD L. HENDERSON,

                Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                                    Case No. 05-CV-2588 (FB) (CLP)

THE CITY OF NEW YORK; POLICE
DEPARTMENT CITY OF NEW YORK;
RAYMOND W. KELLY, Police Commissioner;
GEORGE A. GRASSO, First Deputy Police
Commissioner; NELDRA M. ZEIGLER,
Deputy Commissioner Office of Equal
Employment Opportunity; CHARLES V.
CAMPISI, Chief of the Internal Affairs
Bureau; RAYMOND F. KING, Deputy Chief,
Internal Affairs Bureau; JAMES DUFFY,
Deputy Inspector, Field Services Division;
GEORGE D. O'BRIEN, Captain, Internal
Affairs Bureau Group 27; JULIO C.
ORDONEZ JR., Captain, Internal Affairs
Bureau Group 27; BRESTER CREECH,
Lieutenant, Internal Affairs Bureau Group 27;
RICHARD M. LEDDA, Lieutenant, Internal
Affairs Bureau Group 27; LES CATALANO,
Sergeant, Internal Affairs Bureau Group;
JOHN A. EGAN, Retired Sergeant, Southeast
Queens Initiative, each individual defendant
being sued individually and in his or her
official capacity,

                Defendants
----------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                *For Defendants:*
RICHARD L. GIAMPA, ESQ.            MICHAEL A. CARDOZO, ESQ.
860 Grand Concourse, Suite 1H         Corporation Counsel, City of New York
Bronx, New York 10451                   DANIEL GOMEZ-SANCHEZ, ESQ.
                                                    Assistant Corporation Counsel
                                                   100 Church Street, Room 2-317
                                                   New York, New York 10007

**BLOCK, Senior District Judge:**

On July 20, 2011 the Court issued a Memorandum and Order ("M&O") granting partial summary judgment to defendants the City of New York ("the City") and 11 New York Police Department ("NYPD") officials (collectively, "defendants"), dismissing all of plaintiff Howard Henderson's claims[1] except for his retaliation claims. *See Henderson v. City of N.Y.*, No. 05-CV-2588, 2011 WL 2947048 (E.D.N.Y. 2011). Plaintiff and defendants each move for reconsideration and clarification of that M&O.

**I**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked– matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In order to have been "overlooked," the decisions or data in question must have been "put before [the court] on the underlying motion. . . and which, had they been considered, might have reasonably altered the result before the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

A motion for reconsideration cannot be used for a "second bite at the apple" for a party dissatisfied with the court's ruling by "relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Reconsideration is justified only where there exists "an

---

[1] Plaintiff also sets forth claims for race discrimination and hostile work environment. Those claims, which were dismissed, are not at issue in the present motion.

2

intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). With respect to new evidence, "the movant must present evidence that is truly newly discovered or could not have been found by due diligence." *U.S. v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983) (internal quotation marks omitted) (discussing Federal Rule of Civil Procedure 60(b)(2)).

## II

**A. Plaintiff's Motion**

The relief requested by plaintiff is threefold. First, plaintiff challenges the Court's finding that two of the three adverse employment actions offered to prove his retaliation claims did not follow his protected activities closely enough in time to have been caused by those activities. Second, plaintiff seeks a ruling that he may characterize his alleged constructive discharge as part of the damages he suffered from defendants' retaliation. Third, plaintiff requests that the Court reconsider its "finding" that plaintiff was a probationary employee without a property right sufficient to sustain a § 1983 claim under the Due Process Clause of the Fourteenth Amendment.

**1. Temporal Proximity**

The Court held only one of the three adverse employment actions alleged by plaintiff– an investigation into a domestic dispute that resulted in the continuation of plaintiff's stint on modified duty– was temporally proximate to his protected activities. Only that action could give rise to an inference of discrimination and support his prima

facie case of retaliation. The other two actions– he was ordered to attend alcohol rehabilitation and he retired from the NYPD, which he claims was a constructive discharge– did not follow his protected activities closely enough in time. Plaintiff now challenges this determination.

Plaintiff bases his motion for reconsideration on supposedly "new evidence": several telephone complaints made by plaintiff to the internal NYPD Equal Employment Office ("EEO") that are more temporally proximate to the alleged adverse employment actions. Plaintiff argues that this is newly discovered evidence that could not have been found earlier by due diligence because: (1) plaintiff's original attorney, who had a full record containing evidence of the additional EEO complaints, refused to turn over his case file to plaintiff's new attorney; (2) defendants' attorney refused to turn over a second complete copy of the previously released discovery; and (3) plaintiff's counsel was given a date to view the full record, which contained evidence of the additional EEO complaints, at defendants' attorney's office, but after a seven hour review of the record "the EEO reports were not ascertainable." Pl's Reply Mem. of Law at 7. The Court is not convinced that it was impossible to obtain this evidence through due diligence; the additional EEO complaints could certainly have been located, for example, by asking plaintiff about any additional complaints filed or by spending more time carefully searching the full record at the office of defendants' attorney.

Consequently plaintiff's motion for reconsideration of the "temporal proximity" element of his retaliation claim is not based upon any overlooked data or legal decisions or any new evidence, and is denied.

4

**2. Constructive Discharge**

Plaintiff contends that defendants' allegedly retaliatory conduct harmed him by forcing him to retire early from the NYPD. Thus, plaintiff argues that he was in fact constructively discharged. Accordingly, should he prove the other elements of his retaliation claim, he seeks to argue at trial that this self-styled constructive discharge is part and parcel of the damage he suffered on account of such retaliation.[2] He requests that the Court expressly weigh in on the issue.

Plaintiff is free to make his argument to the jury. He does not characterize his alleged constructive discharge as a separate claim for relief. Rather, it is presented in conjunction with his retaliation claims, in which he contends that his early retirement from the NYPD was actually and proximately caused by his stint on modified duty, which in turn was an act of retaliation by defendants.

**3. Probationary Employee**

In the M&O, the Court held that plaintiff, as a probationary rather than a permanent employee, did not have a property or liberty interest in his job sufficient to sustain a due process claim under § 1983. The Court based this finding upon defendants' statement of facts, which plaintiff belatedly challenges as incorrect. According to defendants' Rule 56.1 Statement, in December 1997 plaintiff "began his employment as a probationary police officer." Def's 56.1 Stmt. ¶ 2. In his own Rule 56.1 Statement, plaintiff does not dispute this characterization; he simply says that he became a "New York Police

---

[2] This request differs from the constructive discharge issue discussed in the M&O because for the underlying motion plaintiff set forth constructive discharge as a potential adverse employment action for the purposes of his retaliation claims.

5

Officer" in 1998. Pl's 56.1 Stmt. ¶ 2. Plaintiff now contends that he was a permanent employee, a fact which defendants concede. Neither party elaborates on the distinction between probationary versus permanent employees or explains its tardiness in establishing that plaintiff falls into the latter category.

Plaintiff had ample opportunity to dispute his previously alleged "probationary" status in his summary judgment papers. Having neglected to do so, he may not now challenge this description in the context of a motion to reconsider. "Motions for reconsideration are not intended to save parties from the consequences of their own . . . neglects." *WTC Captive Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 537 F. Supp. 2d 619, 624 (S.D.N.Y. 2008); *see also Caribbean Trading and Fidelity Corp. v. Nigerian Nat. Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (noting that Local Civil Rule 3(j) for the Southern and Eastern Districts of New York, now Local Civil Rule 6.3, has been interpreted as precluding issues, facts or arguments raised for the first time on a motion for reconsideration). The Court therefore rejects plaintiff's attempt to advance a new interpretation of the facts at this stage.

Even were the Court to accept plaintiff's belated assertion, his § 1983 due process claim still would fail. For such claims, the deprivation of a protected liberty or property interest is not enough. Where "the right alleged to have been denied is protected by the Fourteenth Amendment, the plaintiff[] must establish that the deprivation was without due process of law." *Costello v. Town of Fairfield*, 811 F.2d 782, 784 (2d Cir. 1987); *see also Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir. 1998) ("To state a Section 1983 claim [premised upon a due process violation], a plaintiff must demonstrate that he possessed

6

a protected liberty or property interest, and that he was deprived of that interest without *due process*." (emphasis added)).

Plaintiff contends in conclusory, boilerplate fashion that his due process rights were denied. Even assuming that his imprecise language is meant to refer to the loss of his position while on modified duty or to his alleged constructive discharge, either of which could be a property interest, *see Ciambriello v. County of Nassau*, 292 F.3d 307, 318 (2d Cir. 2002), plaintiff fails to express, let alone show, how his constitutional rights were violated. Nor does he explain what "process" would have ameliorated the situation. Indeed, the record reflects that plaintiff received a hearing on the disciplinary charges that resulted in his placement on modified duty and that he was found not guilty of those charges.

In many instances, courts have "held that the availability under state law of a post-deprivation hearing or tort remedies completely will satisfy due process and bar a section 1983 claim." *Ezkwo v. NYC Health & Hosps. Corp.*, 940 F.2d 775, 784 (2d Cir. 1991); *see also Giglio v. Dunn*, 732 F.2d 1133, 1135 (2d Cir. 1984) (In the case of "[a] coerced resignation. . . it is hard to visualize what sort of prior hearing the Constitution would require the employer to conduct."). An Article 78 proceeding, which was available to plaintiff in this case, is commonly considered in this Circuit to be a "perfectly adequate postdeprivation remedy." *Hellenic Am. Neighborhood Action Committee v. City of N.Y.*, 101 F.3d 877, 881 (2d Cir. 1996); *see also Hoover v. County of Broome*, 340 F. App'x 708, 711 (2d Cir. 2009) (affirming dismissal of § 1983 due process claim where employee claiming constructive discharge had "failed to utilize the adequate post-deprivation remedy of an

7

Article 78 proceeding"). Given plaintiff's utter lack of proof regarding these issues, even if he were deemed a permanent employee, his § 1983 claim would not survive summary judgment.

### III

**A. Defendants' Motions**

Defendants request rehearing on the following grounds. First, they seek clarification that as a matter of law plaintiff's retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") can only be asserted against the City and not against individual defendants. Second, defendants request that the Court clarify whether plaintiff may hold a municipality, the City of New York, liable under § 1981.

**1. Title VII Retaliation Claims Against Individual Defendants**

Because the M&O admittedly does not clearly distinguish between the claims against individual defendants and those against the City, the Court clarifies the matter here. It is well-settled in this Circuit that individual defendants are not subject to individual liability under Title VII. As a result plaintiff's retaliation claims under Title VII may proceed only against the City of New York, and not against the individual defendants. *See Tomka v. Seiler Corp.*, 66. F.3d 1295, 1313 (2d Cir. 1995).

In contrast, individual defendants may be held liable under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") if they participate personally in the discrimination. *See* N.Y. Exec. Law § 296, N.Y.C. Admin. Code § 8–107; *see also Mandell v. Cnty of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *Drew v. Plaza Constr. Corp.*, 688 F. Supp. 2d 270, 280 (S.D.N.Y. 2010). Individual

8

defendants may also be held liable under §42 U.S.C. § 1981 ("§ 1981") for acts of racial discrimination violating that statute's terms. *Patterson v. Balsamico*, 440 F.3d 104, 110 (2d Cir. 2006).

Defendants continue to press for dismissal of plaintiff's retaliation claims against the individual defendants under § 1981, the NYSHRL and the NYCHRL because, defendants contend, plaintiff has not established their "personal involvement" in the claimed discrimination. Already having rejected this argument and determined that these claims may proceed to a jury, the Court will not reconsider this holding simply because defendants "do[] not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

The Court does clarify, however, that these retaliation claims may proceed against the individual defendants who were arguably involved in the circumstances giving rise to plaintiff's retaliation claim as defined by the Court in the M&O (the 2005 NYPD investigation of plaintiff's domestic dispute, resulting in the extension of his placement on modified duty). Defendants George A. Grasso and Raymond W. Kelly made the decision, in May 2006, to return plaintiff to full duty; plaintiff's retaliation claim contends that these defendants would have done so sooner had the domestic dispute investigation not provided a pretext for keeping him on modified duty. None of the other individual defendants are alleged to have had any personal involvement in the domestic dispute investigation and the decision to extend plaintiff's stint on modified duty. Plaintiff's retaliation claims under § 1981, the NYSHRL and the NYCHRL may therefore proceed

only against individual defendants Grasso and Kelly; plaintiff's claims against the remaining individual defendants are dismissed.

**2. Municipal Liability Under § 1981**

The M&O notes that the claimed retaliation "is also actionable under § 1981" but did not distinguish among defendants. *Henderson*, 2011 WL 2947048 at *9. Thus, defendants seek clarification regarding whether the § 1981 claims against the City should be dismissed for plaintiff's asserted "fail[ure] to establish that his civil rights were violated pursuant to a municipal pattern or practice." Def's Mem. of Law at 6. To recover under § 1981, a plaintiff "must show: (1) that [he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) that the discrimination concerned one or more of the activities enumerated in § 1981."[3] *Lauture v. Int'l Bus. Machs. Corp.*, 216 F.3d 258, 261 (2d Cir. 2000).

As defendants correctly note, a municipal entity like the City of New York may only be liable under § 1981 if the claimed violation was caused by an official policy, pattern or practice. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 738 (1989). In the M&O, the Court already observed that evidence submitted by plaintiff– *e.g.*, the existence of a class action lawsuit against the NYPD and statistics on punishments of white versus minority officers–was inadequate as a matter of law to show a pattern or practice of discrimination on the part of the City. That analysis applies equally to the § 1981 retaliation claims. Thus, the Court clarifies that the § 1981 claim may not be asserted against the City

---

[3] Pertinent here, § 1981 protects an individual's right "to make and enforce contracts," including the "enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." 42 U.S.C. § 1981(a)(b).

because plaintiff fails to raise a triable issue regarding whether the alleged retaliation was the product of a municipal pattern or practice. The § 1981 claim will proceed, however, against individual defendants Grasso and Kelly.

### IV

Except as otherwise clarified in this decision, the parties' motions for reconsideration are denied. The Court clarifies that: (1) plaintiff may, if he succeeds in his retaliation claim, assert at trial that his alleged constructive discharge was a damage flowing from defendants' retaliation; (2) plaintiff's Title VII claims may only be asserted against the City and not against any individual defendants; (3) plaintiff's § 1981 claim may only be asserted against individual defendants Grasso and Kelly and not against the City; and (4) plaintiff's claims against individual defendants other than Grasso and Kelly are dismissed.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 10, 2011