UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
HOWARD L. HENDERSON,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT CITY OF NEW YORK;
RAYMOND W. KELLY, Police Commissioner;
GEORGE A. GRASSO, First Deputy Police
Commissioner; NELDRA M. ZEIGLER,
Deputy Commissioner Office of Equal
Employment Opportunity; CHARLES V.
CAMPISI, Chief of the Internal Affairs Bureau;
RAYMOND F. KING, Deputy Chief, Internal
Affairs Bureau; JAMES DUFFY, Deputy
Inspector, Field Services Division; GEORGE D.
O'BRIEN, Captain, Internal Affairs Bureau
Group 27; JULIO C. ORDONEZ JR., Captain,
Internal Affairs Bureau Group 27; BRESTER
CREECH, Lieutenant, Internal Affairs Bureau
Group 27; RICHARD M. LEDDA, Lieutenant,
Internal Affairs Bureau Group 27; LES
CATALANO, Sergeant, Internal Affairs Bureau
Group; JOHN A. EGAN, Retired Sergeant,
Southeast Queens Initiative, each individual
defendant being sued individually and in his
or her official capacity,

                    Defendants
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 05-CV-2588 (FB) (CLP)

*Appearances:*
*For the Plaintiff:*
RICHARD L. GIAMPA, ESQ.
860 Grand Concourse, Suite 1H
Bronx, New York 10451

*For the Defendants:*
MICHAEL A. CARDOZO, ESQ.
Corporation Counsel, City of New York
JANE E. ANDERSEN, ESQ.
JAMES L. HALLMAN, ESQ.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

**BLOCK, Senior District Judge:**

After having reviewed the parties' submissions on the constructive discharge claim, the Court finds that plaintiff Howard Henderson is entitled to present evidence at trial concerning whether or not he was constructively discharged from the NYPD and the extent of any related damages. While not explicitly pled as a theory of recovery, the factual allegations contained in the amended complaint, combined with the defendants' knowledge of plaintiff's subsequent resignation as well as his deposition testimony relating to the same, were sufficient to put the defendants on notice of a constructive discharge claim. *See Gaynor v. Enlarged City Sch. Dist.*, 1988 U.S. Dist. LEXIS 294, at *18 n.5 (N.D.N.Y. Jan. 19, 1988) (permitting plaintiff to attempt to show at trial that she was the victim of a constructive discharge claim where neither the original nor amended complaint put forth such a cause of action but where "the factual allegations [] were sufficient to put defendant on notice of [the] claim"); *Rosario v. Nat'l Housing P'ship*, 1998 U.S. Dist. LEXIS 3692, at * 6 n.4 (S.D.N.Y. Mar. 26, 1998) (permitting constructive discharge claim where plaintiff "d[id] not explicitly allege constructive discharge in his complaint" but had alleged facts sufficient "to put defendant on notice of such a claim."). The plaintiff has put forth allegations sufficient to deem the complaint further amended as of October 6, 2006, the date of his deposition, to include a claim for constructive discharge.

**SO ORDERED.**

/s/ Frederic Block

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 17, 2012

2

3