UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x **MEMORANDUM AND ORDER**

HOWARD L. HENDERSON,            Case No. 05-CV-2588 (FB) (CLP)

        Plaintiff,

-against-

THE CITY OF NEW YORK et al.,

        Defendants.
---------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*                                *For the Defendants:*
RICHARD L. GIAMPA, ESQ.              MICHAEL A. CARDOZO, ESQ.
860 Grand Concourse, Suite 1H         Corporation Counsel, City of New York
Bronx, New York 10451                   JANE E. ANDERSEN, ESQ.
                                                   JAMES L. HALLMAN, ESQ.
                                                   Assistant Corporation Counsel
                                                   100 Church Street
                                                   New York, New York 10007

**BLOCK, Senior District Judge:**

        Following a jury verdict in favor of defendants the City of New York, Police Commissioner Raymond Kelly, and former First Deputy Police Commissioner George Grasso (collectively, "defendants"), plaintiff Howard Henderson filed this motion for a new trial, or in the alternative, judgment as a matter of law. Because his arguments are without merit, the motion is denied.

## BACKGROUND

        Henderson first filed this action in May 2005, alleging that while employed as a probationary officer with the New York City Police Department ("NYPD"), he suffered unlawful race discrimination and retaliation. Henderson's complaint asserted a host of claims

against a multitude of defendants.[1] The majority of these defendants and claims were subsequently eliminated by various pretrial motions. In March 2013, after a long and arduous history, the case went to trial on Henderson's remaining claims.[2] The jury subsequently returned a verdict for defendants on all counts.

## ANALYSIS

Henderson now moves under Federal Rules of Civil Procedure 59(a) and 50(a)(1). Rule 59(a) provides the relevant framework, as it "has a less stringent standard than Rule 50." *Manley v. AmBase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003) (analyzing the district court's decision pursuant to Rule 59(a) for this reason). Under Rule 59(a), "[t]he district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods.*, 861 F.2d 363, 370 (2d Cir. 1988). In other words, the Court "must view the jury's verdict as against the weight of the evidence." *Manley*, 337 F.3d at 245.

---

[1]The amended complaint named the following defendants: the City of New York, the NYPD, Police Commissioner Raymond Kelly, former First Deputy Police Commissioner George Grasso, Office of Equal Employment Opportunity Deputy Commissioner Neldra Zeigler, Internal Affairs Bureau Chief Charles Campisi, Internal Affairs Bureau Deputy Chief Raymond King, Field Services Division Deputy Inspector James Duffy, Internal Affairs Bureau Group 27 Captains George O'Brien and Julio Ordonez Jr., Internal Affairs Bureau Group 27 Lieutenants Brester Creech and Richard Ledda, Internal Affairs Bureau Group Sergeant Les Catalano, and Southeast Queens Initiative Retired Sergeant John Egan. Henderson's amended complaint alleged eleven different claims, including violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, 1986, New York State and New York City Human Rights Laws, and intentional infliction of emotional distress.

[2]These retaliation claims alleged violations of Title VII against the City of New York, 42 U.S.C. § 1981 against Grasso and Kelly, and violations of New York State and New York City Human Rights Laws against all three defendants.

Henderson's perfunctory motion asserts that "[b]ased upon the evidence presented at trial by the plaintiff and the lack of evidence presented by the defendants . . . it is inconceivable that a reasonable jury could conclude that the defendants were not liable for retaliation against the plaintiff." Pl. Br. at 4. In making this assertion, however, he does not identify any evidence in the record supporting his retaliation claims.

Henderson's argument is rejected, as the jury's verdict was based upon a full evidentiary record that strongly supported its finding in favor of defendants. Notably, while outside the presence of the jury, the Court repeatedly alerted Henderson to its concerns about the shortcomings of his case. Having already heard from a number of plaintiff's witnesses, the Court informed both sides that "[plaintiff] has a very thin case. I was thinking of bouncing it 100 percent. But given the fact that the Circuit Courts and the Supreme Court have given us a liberal . . . standard by which to [] assess retaliation cases, I allowed him to go forward." Trial Tr. 436. Addressing plaintiff directly, it then stated, "[y]ou have a very weak case. I will present it to the jury as fairly as I can." Trial Tr. 436. Prior to counsels' summations, the Court again made note of the lack of evidence in support of Henderson's case: "There's just nothing in this case other than the filing of the complaint. . . . there's very little evidence here, that I see, that . . . shows that . . . he was retaliated against." Trial Tr. 827-28. Thus, the Court does not "view the jury's verdict" as either "a miscarriage of justice" or "against the weight of the evidence." *Smith*, 861 F.2d at 370; *see also Manley*, 337 F.3d at 245.

While Henderson also asserts that he was prejudiced and unable to fully present his case because the Court made "improper rulings . . . on evidentiary issues," he does not

3

identify any particular evidentiary issues that he contends were in error. Over the course of trial, the Court heard six days of testimony and made numerous evidentiary rulings. It declines to now revisit each one of these rulings based upon plaintiff's unsupported and conclusory allegations of error. As Henderson has not demonstrated that "substantial errors were made in admitting or excluding evidence . . . ." *In re Vivendi Universal Sec. Litig.*, 765 F. Supp. 2d 512, 573 (S.D.N.Y. 2011) (stating grounds for granting a new trial), he is likewise not entitled to a new trial on this ground.

## CONCLUSION

Plaintiff's motion is denied in its entirety.

**SO ORDERED.**

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 22, 2013